**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| NATHANIEL HEARN,         )<br>                          )<br>     Petitioner,         )<br>                          )<br>     v.                   )<br>                          )<br>DORA SCHRIRO and          )<br>ARIZONA ATTORNEY GENERAL, )<br>                          )<br>     Respondents.        )<br>_____) | CIV 08-00252 PHX MHM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

On February 7, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses ("Answer") (Docket No. 7) on April 15, 2008. Respondents contend the Court lacks subject matter jurisdiction over the petition because Petitioner was no longer in custody for the conviction or sentence under attack at the time he initiated his habeas action. Respondents also assert the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. On June 26, 2008, Petitioner filed a response to the answer to his habeas petition. See Docket No. 11.

**I Procedural History**

In the habeas petition filed February 7, 2008, Petitioner challenges his 1982 conviction and sentence on one count of sexual assault.

On January 13, 1982, in Maricopa County Superior Court docket number CR1981-121923, Petitioner pled guilty to one count of sexual assault, a class 2 felony. See Answer, Exh. B & Exh. C. The guilty plea was pursuant to a written plea agreement which provided for dismissal of the remaining two counts against Petitioner, i.e., one count of sexual assault and one count of possession of marijuana for sale. See id., Exh. B. A judgment of conviction against Petitioner on one count of sexual assault was entered on January 13, 1982. Id., Exh. D. On March 5, 1982, Petitioner was sentenced to a term of one year of "flat" time in jail and a term of seven years probation. See id., Exh. D.

After completing his term of incarceration, Petitioner was twice found to have violated the terms of his probation. Id., Exh. E & Exh. G. As a result of the first violation, the state trial court reinstated Petitioner on intensive probation for a period of 26 months. Id., Exh. F. On November 12, 1987, as a result of Petitioner's second probation violation, the trial court revoked Petitioner's probation and sentenced him to seven years imprisonment, the presumptive term for a conviction of sexual assault, the 1982 charge of conviction, with 451 days of presentence incarceration credit. Id., Exh. H.

After each of the hearings regarding the alleged violation of the terms of parole, Petitioner signed a form indicating he had been informed of his right to appeal these decisions. See id., Exh. I. Petitioner did not, however, seek appellate review of his 1982 conviction for sexual assault or the initial sentence imposed pursuant to this conviction, nor did he seek review of the revocation of his probation and his resulting incarceration in 1987.[1]

The sentence of seven years imprisonment imposed in 1987, with credit for 451 days of presentence incarceration and allowing no accredited time for good behavior, would have

---

[1] Respondents note:
From the time Petitioner pled guilty in the 1981 Case, on January 13, 1982, through and including the date his probation was revoked and he was sentenced to a seven-year term of imprisonment, November 12, 1987, Petitioner had the right to seek conventional appellate review. See Ariz. R. Crim. P. 17(e). It was not until 1992 that Arizona Rule of Criminal Procedure 17.1(e) was amended to read: "By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review."
Docket No. 7 at 4 n.2.
In 1987, Ariz. R. Crim. P. 32.4(a) provided that a petition for PCR "may be filed at any time after entry of judgment and sentence." Ariz. R. Crim. P. 32.4(a) (West 1987). In 1992, the Arizona Supreme Court amended Rule 32.4(a) by adding time limits for specific claims in non-capital cases and automatic filing in capital cases.
Docket No. 7 at 5 n.3.

-3-

expired in mid-August of 1993.[2]

Arizona's sexual offender registration statute became effective July 27, 1983, see Arizona v. Noble, 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992) (holding the application of the statute to a crime committed prior to its enactment did not violate the defendant's right to be free of ex post facto laws), after Petitioner entered into the 1982 plea agreement but before Petitioner was sentenced to a term of incarceration pursuant to his violation of probation imposed for the sexual assault conviction.

On May 8, 2002, Petitioner pled guilty to one count of possession of narcotic drugs in Maricopa County docket number CR2002-004244. Id., Exh. Q. On July 12, 2002, the trial court suspended the imposition of sentence and placed Petitioner on probation for four years. Id., Exh. R.

On August 26, 2002, shortly after he was placed on probation in CR2002-004244, Petitioner was charged with one count of use or possession of methamphetamine and one count of possession of drug paraphernalia in Maricopa County docket number CR2002-014683. Id., Exh. S. On January 31, 2003, pursuant to a plea agreement proving the state would dismiss the second count in CR2002-014683, Petitioner pled guilty to one count of possession or use of methamphetamine. Id., Exh. T. Petitioner's guilty plea in CR2002-014683 constituted a

---

[2] Petitioner filed sexual offender registration change of address forms in 1991 and 1995. See Answer, Exh. Z at 108. The form dated October 29, 1991, indicates Petitioner was previously in custody.

-4-

violation of the conditions of his probation imposed in CR2002-004244. Id., Exh. U. On February 21, 2003, Petitioner was reinstated to probation in CR2002-004244, see id., Exh. V at 84, and placed on a concurrent three-year probationary term in CR2002-014683. Id., Exh. W.

On June 19, 2003, Petitioner was charged with failing to register as a sex offender, a class 4 felony, between March 31, 2003, and June 9, 2003, in Maricopa County docket number CR2003-035096. Id., Exh. X. The state also alleged that Petitioner had prior felony convictions and that he committed the alleged offense, i.e., failure to register as a sex offender, while on probation. Id., Exh. Y. Petitioner filed a motion to dismiss the charges stated in docket number CR2003-035096. Id., Exh. Z. In support of his motion to dismiss the charge of failing to register as a sex offender Petitioner attached copies of sex offender registration forms and address update changes that he had previously completed pursuant to Arizona Revised Statutes § 13-3821, beginning in January of 1987. Id., Exh. Z at 101-16. The motion to dismiss was denied.

On December 18, 2003, Petitioner pled guilty to one count of failure to register as a sex offender in exchange for the state's agreement to dismiss the allegation of prior felony convictions. Id., Exh. AA at 117. Petitioner's guilty plea in CR2003-035096 constituted an automatic violation of probation in both of the 2002 cases. Id., Exh. BB at 121, 123. On June 11, 2004, the trial court revoked Petitioner's probation in both of

the 2002 cases and sentenced Petitioner to concurrent prison terms of 2.5 years dating from that date with credit for presentence incarceration of 487 days. Id., Exh. CC at 126, 129. The presentence incarceration credit was altered on May 8, 2007, to 660 days in CR2002-004244 and 461 days in CR2002-14683. See id., Exh. LL.

Also on June 11, 2004, in the 2003 case, CR2003-35096, the state trial court denied Petitioner's motion to withdraw from the plea agreement and sentenced Petitioner to the presumptive term of 2.5 year imprisonment, which sentence was ordered to run consecutively to the sentences imposed in the 2002 cases. Id., Exh. DD. Petitioner was given credit for 171 days of presentence incarceration, which was amended to 343 days of presentence incarceration on May 8, 2007. Id., Exh. DD. Accordingly, as of June 2004, Petitioner was serving a term of five years imprisonment pursuant to the 2002 and 2003 convictions, including his conviction for failure to register as a sex offender, and his violation of probation in the 2002 cases. The sentences for the 2002 convictions would have "begun" on approximately April 19, 2002, and accordingly be completely served by November of 2004. Petitioner would have begun serving his consecutive 2.5 year sentence pursuant to his 2003 conviction in December of 2004, and completed it, absent any credit for presentence incarceration or good time, in June

of 2007.[3]

On March 22, 2005, in Maricopa County docket number CR2004-006251, Petitioner was sentenced to a 12 year term of imprisonment and a concurrent six year term of imprisonment, after being convicted by a jury of robbery and unlawful flight from a law enforcement vehicle. Id., Exh. MM. Both sentences were ordered to run consecutively to the sentences imposed in one of the 2002 cases and the 2003 case. Id., Exh. MM.

On May 30, 2006, 13 years after his seven-year term of imprisonment in CR1981-121923 had been fully served, but before his sentence of incarceration with regard to his 2003 conviction had been served, Petitioner filed a notice of post-conviction relief in the state trial court pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. J at 22, 26. Petitioner asked the state court to order the "state to comply with its plea agreement and that the defendant is not required to register as a sex offender." Id., Exh. J at 25.

---

[3] The undersigned's calculations do not comport in all respects with Respondents' but, using either calculation, the result is the same.
    Respondents calculate:
    This information is confirmed as follows: (1) A 2.5-year term amounts to 912 days ((365 days times 2) plus (365 days divided by 2) = 912 days); (2) The 912- day term in CR2002-004244, reduced by 660 days of presentence custody credit, began on June 11, 2004 and expired 252 days later, on February 18, 2005; (3) The 912-day term in CR2002-014683, reduced by 461 days of presentence custody credit, began on June 11, 2004 and expired 451 days later, on September 5, 2005. See Ex. NN at 205.

-7-

Petitioner was appointed counsel, who notified the court that she was unable to find any colorable claims to raise on Petitioner's behalf. Id., Exh. K. On November 20, 2006, Petitioner filed a *pro per* petition in his state Rule 32 action. Petitioner asserted he was entitled to relief because his plea agreement in the 1982 case was breached when the state began making Petitioner register as a sex offender. Id., Exh. L at 37-38. Petitioner argued that, because the 1982 plea agreement did not require him to register as a sex offender, requiring him to do so was breach of contract in violation of Article I, section 10 of the United States Constitution. Id., Exh. L at 39. Petitioner further asserted his Fourteenth Amendment right to due process was violated when "[t]he State falsely informed the Petitioner of the consequences of the plea agreement." Id., Exh. L at 40.

On February 27, 2007, the state trial court summarily dismissed Petitioner's Rule 32 action regarding his 1982 conviction "for failure to state a colorable claim for relief." Id., Exh. N. The state court concluded Petitioner's claim for relief focused on his failure to

> register as a sex offender. He pled guilty to this offense in CR2003-035096. That matter was appealed and the Court of Appeals resolved the matter affirming the conviction but giving [Petitioner] 2 additional days of pre-incarceration credit. All other claims flowing from that case were waived. [Petitioner] seems to be saying that in this case when he signed his original plea agreement he should have been advised of all possible future legislation or requirements that might be placed upon him. No such requirements exist for any attorney by any

-8-

> standard. The state did not breach its contract with him in the plea agreement which was executed. The Legislature subsequently added a condition which he failed to meet and admitted he failed to meet in CR2003-035096.

Id., Exh. N.

In the federal habeas petition before the Court Petitioner asserts he is entitled to habeas relief because his right to due process has been violated. Petitioner argues the state breached the terms of the 1982 plea agreement. Petitioner alleges that the state's failure to honor the terms of the 1982 plea agreement was a "law impairing the obligation of the contract," in violation of Article I, paragraph 10, of the United States Constitution. Docket No. 3 at 1-2. Petitioner also alleges that his guilty plea was not knowing and voluntary, in violation of his Fourteenth Amendment due process rights, because he was not informed of all the "[r]amifications of the consequences and the rights he [would] forfeit" as a result of the guilty plea i.e., the potential for incarceration if he did not register as a sex offender. See id. at 1.

**II Analysis**

**A. Petitioner is not "in custody" as that term is defined by the relevant federal statute governing jurisdiction over federal habeas petitions**

The United States District Courts have the power to grant a writ of habeas corpus only to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2006 & Supp. 2008).

For a federal court to have jurisdiction over

-9-

> a habeas petition filed by a state prisoner, the petitioner must be "in custody".... The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition.

Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (citations omitted).

The case-or-controversy requirement of Article III, paragraph 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If a habeas action seeking the petitioner's release from confinement is adjudicated after the petitioner has been released "some concrete and continuing injury" or "collateral consequence" of the challenged decision must exist for the habeas action to be maintained. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 982 (1998).

Petitioner has completely served the term of incarceration and probation imposed for his 1982 sexual assault conviction and the prison term imposed for his 2003 failure-to-register conviction. Petitioner has not demonstrated that the sexual registration requirement imposed on him as a result of his 1982 sexual assault conviction rises "to a significant restraint upon his liberty 'not shared by the public generally,'" which would render him "in custody" for purposes of the habeas statute. Dow v. Circuit Court of the First Circuit,

-10-

995 F.2d 922, 923 (9th Cir. 1993).

The Ninth Circuit has held that petitioners who have completed their prison sentences but are required to register as sex offenders do not satisfy the "in custody" requirement of section 2254(a) because registration and notification requirements are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (holding that Washington sexual offender registration laws do not render registrant "in custody"). See also McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (holding the same with respect to the Oregon sexual offender laws); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (holding the same with respect to California's sexual offender laws). "[M]erely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after the original [sex offense] conviction has expired." Zichko, 247 F.3d at 1020.

The Ninth Circuit has held that when a petitioner is incarcerated for failing to comply with a sex offender registration statute the petitioner is "in custody" for purposes of challenging an earlier, expired sex offense conviction that served as a necessary predicate to the failure-to-register charge. See id., 247 F.3d at 1019-20 ("[A] habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to

-11-

register charge."). However, Petitioner cannot challenge his expired 1982 sexual assault conviction pursuant to this statement in Zichko because he is no longer incarcerated as a result of his 2003 conviction for failure-to-register as a sex offender. Although Petitioner was previously incarcerated for failure to comply with Arizona's sex offender registration statute, see Answer, Ex. NN, he was not confined as a result of such conviction on February 7, 2008, when the instant petition was filed. Petitioner is currently in custody pursuant to a conviction completely unrelated to both his 1982 sexual assault conviction and his 2003 conviction for failure-to-register as a sex offender. See id., Ex. NN at 204-05. Because Petitioner cannot show that he was "in custody" on either his 1982 sexual assault conviction or his 2003 failure-to-register conviction at the time he filed the instant petition seeking habeas relief pursuant to section 2254, this Court lacks subject-matter jurisdiction over the petition challenging the validity of his 1982 conviction.

**B. Relevant statute of limitations**

Additionally, the habeas petition, attacking a conviction which became final in 1982, is also barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose

-12-

convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions by April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Because Petitioner's 1982 state conviction became final prior to 1996, pursuant to the AEDPA the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 23, 1997, unless it was tolled by any pending action for state post-conviction relief. See Patterson, 251 F.3d at 1246.

Petitioner did not file any action seeking state post-conviction relief from his 1982 conviction until 2006. This Rule 32 action could not and did not "restart" the already-expired statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

The undersigned has previously reasoned that section 2254 habeas applicants are no longer entitled to consideration of the merits of their untimely petitions based on the doctrine that the statute of limitations could be equitably tolled. The Supreme Court recently concluded section 2254 petitioners are

-13-

not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute. See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[4] But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling).

However, assuming the doctrine of equitable tolling applies, the Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control made it impossible for him to file a petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case.

---

[4] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent. See Bowles, 127 S. Ct. at 2365-66.

-14-

Gaston, 417 F.3d at 1034.

Petitioner has not established that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition from his 1982 conviction. A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition throughout the period 1996 through 2007, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the

-15-

filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

### III Conclusion

In response to the answer to his habeas petition, Petitioner asserts that his 1982 conviction does "entail adverse collateral legal consequences" because his prior conviction was used to aggravate his sentence in docket number CR 2004-062510. Docket No. 11 at 1. Accordingly, Petitioner argues, his conviction "can never be moot, because [his] conviction [may] also be used in later case for impeachment." Id. at 2. This assertion fails for the reasons stated supra citing Zichko. Petitioner further claims that "he was not guilty for this crime of sexual assualt (sic) and has never plead guilty to it, but Alford factual basis, I never admitted guilt. Therefore, Petitioner's three claims are not procedurally barred." Id. Petitioner's argument regarding a procedural bar to his federal habeas petition does not alter the conclusion that his petition is moot. The Court may not exercise jurisdiction over the habeas petition because Petitioner is not "in custody" pursuant to the conviction he seeks to challenge. Additionally, any

challenge to Petitioner's 1982 conviction predicated on section 2254 is not timely filed.

**IT IS THEREFORE RECOMMENDED** that Mr. Hearn's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

/

DATED this 15th day of July, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-18-