IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHANIEL HEARN,<br><br>  Petitioner,<br><br>vs.<br><br>DORA B. SCHRIRO, et al.,<br><br>  Respondents. | No. CV 08-252-PHX-MHM (MEA)<br><br>**ORDER** |

Petitioner Nathaniel Hearn ("Petitioner"), *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on February 7, 2008; the Petition raises 24 claims for relief. (Dkt. #1). The Court referred the matter to United States Magistrate Judge Mark E. Aspey, who issued a Report and Recommendation on July 16, 2008, recommending that the Court deny the Petition for lack of subject matter jurisdiction or, in the alternative, as barred by the applicable statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. #14). Petitioner filed Objections to the Report and Recommendation on July 23, 2008. (Dkt. #15). In addition, Respondents filed a Response to the Objections on August 4, 2008. (Dkt. #16). Petitioner then filed a Reply to Respondents' Response on August 19, 2008. (Dkt. #18).

**I.     BACKGROUND**

The relevant facts in this case, as related by Magistrate Judge Aspey, are essentially undisputed. (Dkt. #14, pp. 2-9). On January 13, 1982, Petitioner pled guilty

1  to one count of sexual assault, a class 2 felony, in Maricopa County Superior Court.
2  (Answer, Dkt. #7, Exs. B & C).  Petitioner's plea agreement allegedly did not require him
3  to register as a sex offender.  (Id., Ex. L).  Petitioner was sentenced to a term of one year
4  in jail and seven years probation.  (Id., Ex. D).  After completing his term of
5  incarceration, Petitioner violated the terms of his probation twice; the first violation led
6  the state trial court to place Petitioner on intensive probation for a period of 26 months
7  (id., Ex. F), and the second led the trial court to revoke Petitioner's probation on
8  November 12, 1987 and sentence him to seven years imprisonment, the presumptive term
9  for Petitioner's 1982 conviction of sexual assault, with 451 days of presentence
10 incarceration credit (id., Ex. H).  Petitioner's 1987 sentence of seven years imprisonment
11 with credit for 451 days of presentence incarceration, expired in mid-August 1993.  (Dkt.
12 #14, p.4).  Petitioner did not seek appellate review of his 1982 conviction, his resulting
13 initial sentence, or the revocation of his probation and resulting incarceration.  (Id., p.3).
14          On May 8, 2002, Petitioner pled guilty to one count of possession of narcotic drugs
15 in Maricopa County.  (Dkt. #7, Ex. Q).  The trial court suspended the imposition of
16 sentence and placed Petitioner on probation for four years on July 12, 2002.  (Id., Ex. R).
17 However, on August 26, 2002, shortly after Petitioner was placed on probation, Petitioner
18 was charged with one count of use or possession of methamphetamine and one count of
19 possession of drug paraphernalia in Maricopa County.  (Id., Ex. S).  Petitioner entered
20 into a plea agreement and pled guilty to one count of possession or use of
21 methamphetamine.  (Id., Ex. T).  Since Petitioner's guilty plea constituted a violation of
22 the conditions of Petitioner's July 12, 2002 probation, Petitioner was reinstated to
23 probation and placed on a concurrent three-year probationary term on February 21, 2003.
24 (Id., Exs. U, V, & W).
25          On June 19, 2003, Petitioner was charged with failing to register as a sex offender,
26 a class 4 felony, in Maricopa County.  (Id., Ex. X).  Petitioner filed a motion to dismiss
27 that charge, attaching copies of sex offender registration forms and address update
28 changes that he had previously completed pursuant to A.R.S. 13-3821, beginning in

1  January of 1987; the motion was denied. (Id., Ex. Z; Dkt. #14, p.5). As a result,
2  Petitioner pled guilty to one count of failure to register as a sex offender on December 18,
3  2003. (Dkt. #7, Ex. AA). The guilty plea constituted a violation of probation in both of
4  Petitioner's 2002 cases, and so on June 11, 2004, the trial court revoked Petitioner's
5  probation in both of the 2002 cases and sentenced Petitioner to concurrent prison terms of
6  2.5 years with credit for presentence incarceration of 487 days (which was altered on May
7  8, 2007, to 660 days credit in the July 12, 2002 sentence and 461 days in the February 21,
8  2003 sentence). (Id., Exs. BB, CC).

9  After pleading guilty to one count of failure to register as a sex offender on
10 December 18, 2003, Petitioner moved to withdraw from the plea agreement; but on June
11 11, 2004, the trial court denied that motion and sentenced Petitioner to the presumptive
12 term of 2.5 years imprisonment, with credit for 171 days of presentence incarceration
13 (amended to 343 days on May 8, 2007), ordered to run consecutively to the sentences
14 imposed in the 2002 cases. (Id., Ex. DD). Accordingly, as of June 2004, Petitioner was
15 serving a term of five years imprisonment (for violation of probation in his two 2002
16 cases and failure to register as a sex offender in his 2003 case). (Dkt. #14, p.6). The
17 sentences for the 2002 convictions were completed by approximately November of 2004;
18 Petitioner began serving his consecutive 2.5 years sentence for the 2003 conviction in
19 December of 2004. (Id.). That sentence should have been completed in approximately
20 June of 2007. (Id., pp. 6-7). However, on March 22, 2005, Petitioner was sentenced in
21 Maricopa County to a 12 year term of imprisonment and a concurrent six year term of
22 imprisonment after being convicted by a jury of robbery and unlawful flight from a law
23 enforcement vehicle, to run consecutively with the sentences imposed in one of the 2002
24 cases and the 2003 case. (Dkt. #7, Ex. MM; Dkt. #14, p.7).

25 On May 30, 2006, before his sentence for the 2003 conviction had been served,
26 Petitioner filed a notice of post-conviction relief in the state trial court pursuant to Rule
27 32 of the Arizona Rules of Criminal Procedure. (Dkt. #7, Ex. J). Petitioner asked the
28 state court to order the "state to comply with its plea agreement and that the defendant is

1 not required to register as a sex offender." (Id.). Petitioner was appointed counsel, who
2 notified the court that she was unable to find any colorable claims to raise on petitioner's
3 behalf. (Id., Ex. K). As a result, on November 20, 2006, Petitioner filed a *pro per*
4 petition in his state Rule 32 action, asserting that his plea agreement in the 1982 case was
5 breached when the state began making Petitioner register as a sex offender. (Id., Ex. L).

6       The state trial court dismissed Petitioner Rule 32 action regarding his 1982
7 conviction "for failure to state a colorable claim for relief," concluding that the plea
8 agreement was not breached when "[t]he Legislature subsequently added a condition
9 which [Petitioner] failed to meet and admitted he failed to meet in [the 2003 conviction]."
10 (Id., Ex. N). In the instant federal habeas petition, filed on February 7, 2008, Petitioner
11 similarly asserts that he is entitled to relief because the state breached the terms of the
12 1982 plea agreement, in violation of Article I, § 10, of the United States Constitution.
13 (Dkt. #14, p.9). Petitioner also alleges that his guilty plea was not knowing and voluntary
14 in violation of his Fourteenth Amendment due process rights, because he was not
15 informed of all the "[r]amifications of the consequences and the rights he [would] forfeit"
16 as a result of the guilty plea, i.e., the potential for incarceration if he did not register as a
17 sex offender. (Id.).

18       On July 16, 2008, Magistrate Judge Aspey filed a Report and Recommendation
19 that the Court dismiss the instant Petition for Writ of Habeas Corpus for lack of subject
20 matter jurisdiction as the Petition is moot since Petitioner is no longer "in custody" for
21 purposes of challenging his 1982 conviction under 28 U.S.C. § 2254. (Dkt. #14, pp. 9-
22 12). Alternatively, Judge Aspey recommends that the Court dismiss the Petition as barred
23 by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act
24 ("AEDPA"). (Id., pp. 12-16).

25       Petitioner filed Objections to Magistrate Judge Aspey's Report and
26 Recommendation on July 23, 2008, moving the Court to recuse itself and arguing that his
27 Petition is not moot and is entitled to equitable tolling under AEDPA. (Dkt. #15).
28 Respondents then filed a Response, urging the Court to overrule Petitioner's objections

- 4 -

1 and adopt the Report and Recommendation (Dkt. #16), to which Petitioner filed a Reply,
2 reasserting the arguments contained in his Objections. (Dkt. #18).

3 **II.   STANDARD OF REVIEW**

4 The Court "may accept, reject, or modify, in whole or in part, the findings or
5 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

6 A district court must review de novo the legal analysis in a Magistrate Judge's
7 Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court
8 must review de novo the factual analysis in the Report and Recommendation for those
9 facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114,
10 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's
11 findings and recommendations de novo if objection is made, but not otherwise."); see also
12 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of
13 those portions of the report or specified proposed findings or recommendations to which
14 objection is made.").

15 "Failure to object to a Magistrate Judge's recommendation waives all objections to
16 the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000);
17 Thomas v. Arn, 474 U.S. 140, 149 (1985) (district courts are not required to conduct "any
18 review at all . . . of any issue that is not the subject of an objection").

19 **III.   DISCUSSION**

20     **A.   Recusal**

21 Petitioner requests that the Court recuse itself "[b]ecause the Magistrate and Judge
22 are the same two that [presided] over Petitioner's 1983 complaint" in Hearn v. Arpaio, et
23 al., CV 03-1924-PHX-MHM (MEA). (DKt. #15, p.1).

24 Under 28 U.S.C. § 455(a), "[a]ny . . . judge, or magistrate judge of the United
25 States . . . shall disqualify himself [or herself] in any proceeding in which his [or her]
26 impartiality might reasonably be questioned." See Untied States v. Hernandez, 109 F.3d
27 1450, 1453 (9th Cir. 1997) (citation omitted) (the standard under § 455(a) is "whether a
28 reasonable person with knowledge of all the facts would conclude that the judge's

- 5 -

impartiality might reasonably be questioned"). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . they cannot possibly show reliance upon an extrajudicial source." Liteky v. United States, 510 U.S. 540, 555 (1994).

Petitioner asserts no other basis for recusal other than the Court's previous ruling on Petitioner's 1983 complaint. In addition, Petitioner fails to demonstrate any bias resulting from an extra-judicial source or some deep-seated favoritism that would make fair judgment impossible. As such, the Court need not recuse itself from the instant case.

**B.     Mootness**

In order for a federal court to possess jurisdiction over

> a habeas petition filed by a state prisoner, the petitioner must be "in custody". . . . The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition.

Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (citations omitted). In addition, in most cases, "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989). However, when a petitioner is incarcerated for failing to comply with a sex offender registration statute, the petitioner is "in custody" for purposes of challenging an earlier, expired sex offense conviction that served as a necessary predicate to the failure-to-register charge. See Zichko, 247 F.3d at 1019-20 ("[A] habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape conviction 'is a necessary predicate' to the failure to register charge.").

It is undisputed that Petitioner is currently incarcerated only for his 2004 conviction; he has completed the term of incarceration and probation imposed for his 1982 sexual assault conviction *and* the prison term imposed for his 2003 failure-to-register conviction. (Dkt. #14, p.10; Dkt. #15, p.3). Petitioner thus cannot take advantage

- 6 -

1  of the <u>Zichko</u> exception to challenge his 1982 conviction since he is not currently
2  incarcerated for failing to comply with Arizona's sex offender registration statute. (Dkt.
3  #14, p.12) ("Although Petitioner was previously incarcerated for failure to comply with
4  Arizona's sex offender registration statute . . . he was not confined as a result of such
5  conviction on February 7, 2008, when the instant petition was filed."). Accordingly, as
6  Magistrate Judge Aspey stated, "[b]ecause Petitioner cannot show that he was 'in
7  custody' on either his 1982 sexual assault conviction or his 2003 failure-to-register
8  conviction at the time he filed the instant petition seeking habeas relief pursuant to section
9  2254, this Court lacks subject-matter jurisdiction over the petition challenging the validity
10  of his 1982 conviction." (Id.).

11  However, in his Reply, Petitioner contends that the Court possesses jurisdiction
12  over the instant Petition because "[c]learly, this Writ can be interpreted as asserting a
13  challenge to Petitioner's [2004] conviction." (Dkt. #18, p.2). Petitioner further contends
14  that his 2004 sentence enhancement based on his 2003 conviction is illegal since he
15  "should have never been charged with failure to register as a sex offender, because of [his
16  1982 Plea Agreement]." (Id.).

17  First, the Court will decline to interpret the instant Petition as asserting a habeas
18  challenge to Petitioner's 2004 conviction and sentence. Although "[p]ro se complaints
19  and motions from prisoners are to be liberally construed," <u>Resnick v. Hayes</u>, 213 F.3d
20  443, 447 (9th Cir. 2000), the instant Petition alleges only that Petitioner is challenging the
21  judgment of conviction entered as a result of Petitioner's 1982 guilty plea to one count of
22  sexual assault in Maricopa County Superior Court. (Dkt. #1, p.1). In addition, in the
23  "claims for relief" section of the Petition, Petitioner alleges that (1) the State's failure to
24  honor the terms of the 1982 Plea Agreement violate his Fourteenth Amendment due
25  process rights (Dkt. #1, p.6), (2) the State's failure to honor the terms of the 1982 Plea
26  Agreement was a "law impairing the obligation of the contract" in violation of Article I, §
27  10, of the U.S. Constitution (id., p.7), and (3) Petitioner did not intelligently enter into the
28  1982 Plea Agreement because he did not get notice of all of the "[r]amifications of the

consequences and the rights he will forfeit," in violation of his Fourteenth Amendment due process rights (id., p.8). Therefore, contrary to Petitioner's assertion, the instant Petition does not seek relief based on an allegation that the sentence that Petitioner received in his 2004 conviction was improperly enhanced as a result of his 2003 conviction. Furthermore, on March 6, 2008, Petitioner filed a separate Petition for Writ of Habeas Corpus, challenging his 2004 conviction and sentence. See Hearn v. Schriro, CV 08-448-PHX-MHM (MEA). That Petition specifically alleges that Petitioner's sentence resulting from his 2004 conviction was improperly aggravated. (Id., Dkt. #1, p.8). As such, the Court will decline to interpret the instant Petition as a separate attack on Petitioner's 2004 conviction and sentence.

Second, assuming that the instant Petition does present a challenge to Petitioner's 2004 conviction and sentence, even if an expired conviction is "later used to enhance a criminal sentence, the [petitioner] generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna Cty. Dist. Att'y v. Coss, 532 U.S. 394, 404 (2001). Likewise, here, Petitioner asserts that he is challenging his 2004 sentence enhancement on the ground that he "should have never been charged with failure to register as a sex offender, because of [his 1982 Plea Agreement]." (Dkt. #18, p.2). Lackawanna clearly forecloses that challenge. Petitioner may not challenge his enhanced sentence on the grounds that his prior convictions for sexual assault (the 1981 conviction) or failure to register as a sex offender (the 2003 conviction) were unconstitutionally obtained; he is barred from collaterally attacking his prior convictions through the instant § 2254 petition. As such, the Court will deny the Petition for Writ of Habeas Corpus.

### C.     Statute of Limitations

In the alternative, Magistrate Judge Aspey concluded that the instant Petition is barred by the applicable statute of limitations found in AEDPA. (Dkt. #12, p.1). Petitioner, on the other hand, alleges that "equitable tolling should apply to the AEDPA's statute of limitation" because "[t]he Superior Court stated on the record that the Post

1  Conviction Relief was <u>not untimely</u>" (emphasis in original), and "the jail and their staff
2  took all [of Petitioner's] legal documents and never return [sic] them."  (Dkt. #15, p.5).

3        AEDPA imposes a one-year statute of limitations on state prisoners seeking
4  federal habeas relief from their state convictions.  <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th
5  Cir. 2002).  AEDPA also required state prisoners whose convictions became final before
6  April 24, 1996, to file any federal habeas petition from those convictions by April 24,
7  1997.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  However, the one-year
8  statute of limitations is tolled during the pendency of a "properly filed application for
9  state post-conviction or other collateral review with respect to the pertinent judgment or
10 claim."  28 U.S.C. § 2244(d)(2); <u>Artuz v. Bennet</u>, 531 U.S. 4, 8 (2000).  An application
11 for collateral review is pending during the time in which a state prisoner is "attempting,
12 through proper use of state court procedures, to exhaust state remedies."  <u>Nino v. Galaza</u>,
13 183 F.3d 1003, 1005 (9th Cir. 1999).

14       Petitioner did not file an action seeking state post-conviction relief until 2006.
15 (Dkt. #14, p.13).  Thus, as Petitioner's 1982 state conviction became final prior to 1996,
16 AEDPA's one-year statute of limitations began to run on April 24, 1996, expiring one
17 year later in 1997.  (Id.).  However, assuming, without deciding, that equitable tolling is
18 available under § 2254, Petitioner could toll the statute of limitations by showing "(1) that
19 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
20 stood in his way and prevented timely filing."  <u>Lawrence v. Florida</u>, 549 U.S. 327, 336
21 (2007) (quotations omitted); <u>but see, e.g.</u>, <u>Fisher v. Johnson</u>, 174 F.3d 710, 714-716 (5th
22 Cir. 1999) (a petitioner's pro se status, ignorance of the law, lack of representation during
23 the applicable filing period, and temporary incapacity do not constitute extraordinary
24 circumstances justifying equitable tolling).

25       Petitioner asserts that he is entitled to equitable tolling because "[t]his magistrate
26 and Judge are aware of the fact in CIV 03-1924-PHX-MHM (MEA) the jail and their
27 staff took [Petitioner's] legal documents and never return [sic] them."  (Dkt. #15, p.5).
28 The Court notes that in some cases, inadequate legal materials can be an "impediment"

- 9 -

that justifies late filing, or can form the basis of equitable tolling. See <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000) ( en banc ).  However, in this case, Petitioner points to CV 03-1924, in which Petitioner alleged that he was denied his legal documents after being placed in disciplinary segregation in June 2004.  See <u>Hearn v. Arpaio</u>, CV 03-1924-PHX-MHM (MEA), Dkt. #15, at p.5.  But by June 2004, the AEDPA statute of limitations had been expired for several years.  As such, Petitioner's allegation that he was deprived of his documents in 2004 does not constitute an extraordinary circumstance that prevented him from timely filing his habeas petition.

However, Petitioner appears to allege that his legal documents were also taken in 1999 "when Arizona Department of Correction loss [sic] all of my word for word transcripts (Legal Documents)."  (Dkt. #15, p.5).  But again, assuming that allegation is true, the one-year AEDPA statute of limitations expired in 1997, two years prior to when Petitioner alleges that his legal documents were taken.  As such, Petitioner's allegations regarding the loss of his documents in either 1999 or 2004 do not constitute extraordinary circumstances that would have prevented him from timely filing the instant federal habeas petition challenging his 1982 conviction and sentence.

Further, Petitioner contends that he is entitled to equitable tolling of the statute of limitations because "[t]he Superior Court stated on the record that the Post Conviction Relief was <u>not untimely</u>." (Dkt. #15, p.5) (emphasis in original).  However, Petitioner's May 30, 2006 Rule 32 notice of post-conviction relief in the state trial court challenged only Petitioner's 2003 conviction for failure to register as a sex offender in violation of Petitioner's 1982 Plea Agreement.  That Petition, unlike the instant Petition for Writ of Habeas Corpus, did not challenge the constitutionality of Petitioner's 1982 conviction and sentence.  As such, the state court's finding with respect to the timeliness of the Rule 32 Petition is inapplicable.  And thus, with respect to the instant Petition and challenge to Petitioner's 1982 conviction and sentence, Petitioner is not entitled to equitable tolling; has not met his burden of establishing that he pursued his rights diligently or that there were extraordinary circumstances beyond his control that made it impossible for him to

file a timely federal habeas petition. Therefore, the AEDPA statute of limitations, which expired in 1997, bars Petitioner from seeking federal habeas relief of his 1982 conviction and sentence.

**Accordingly,**

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is adopted for the reasons and to the extent stated herein. (Dkt. #14).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is DENIED. (Dkt. #1).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED this 11th day of February, 2009.

_____
Mary H. Murguia
United States District Judge